[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11677
Non-Argument Calendar
_____

D.C. Docket No. 1:11-cr-20674-FAM-3


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAMES ESAUD ASPRILLA MORENO,

Defendant - Appellant.


_____

No. 13-11678
Non-Argument Calendar
_____

D.C. Docket No.  1:11-cr-20674-FAM-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RICAURTE MARTINEZ MURILLO,
a.k.a. Ricaurte Javier Martinez Murillo,

Defendant - Appellant.

_____

No. 13-11679
Non-Argument Calendar
_____

D.C. Docket No.  1:11-cr-20674-FAM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE VICENTO MONTANO GRANJA,
a.k.a. Jose Vicento Montano Granja,

Defendant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(February 5, 2014)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

2

These consolidated appeals challenge appellants' post-judgment motions to dismiss the indictment in this case. The indictment charged appellants with multiple offenses, including, in Count 1, violating 46 U.S.C. § 70506(b) by conspiring to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States in violation of 46 U.S.C. § 70503(a)(1).[1] Appellants pled guilty to that count pursuant to a plea agreement containing an appeal waiver, and, on December 28, 2011, the District Court sentenced them to prison for a term of 46 months.

In February 2013, appellants severally moved the District Court, pursuant to Fed. R. Cri. P. 48(a) or, alternatively, 28 U.S.C. § 2241, to dismiss the indictment based on our decision in *United States v. Bellaizac-Hurtado*, 700 F.3d 1245 (11th Cir. 2012), which, they asserted, held the MDLEA unconstitutional as applied to the facts of their case. The Government responded with a statement that the court lacked jurisdiction to consider the motions because appellants' cases were no longer pending. The court agreed and dismissed their motions. They now appeal *pro se*, asking this court to issue a writ of mandamus compelling the District Court to consider their motions to dismiss on the merits. We affirm.

---

[1] Section 70503 *et seq*., referred to as the Maritime Drug Law Enforcement Act (MDLEA), prohibits possessing with intent to distribute a controlled substance aboard a vessel subject to the jurisdiction of the United States. Appellants were arrested aboard a fishing vessel containing 57 bales of cocaine.

A motion, filed under Fed. R. Cri. P. 12(b)(3), alleging a defect in the indictment generally must be filed prior to trial, although, while the case is pending, the court may consider a claim that the indictment fails to invoke the court's jurisdiction or allege an offense. *Id.* This case was no longer pending when appellants submitted their motions to dismiss to the District Court; hence, the court lacked jurisdiction to consider them.

The appropriate vehicle for appellants' attack on their convictions is 28 U.S.C. § 2255. Their briefs concede, however, that a § 2255 motion would be time-barred and do not identify any other jurisdictional basis upon which the District Court could have considered their motions.[2] The court's rulings are, accordingly,

AFFIRMED.

---

[2] Appellants present arguments in their reply briefs, but failed to raise them in their initial briefs. We do not consider them.